# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ERIC PAUL MCNEIL, ET AL.                                    CIVIL ACTION

VERSUS                                                                 15-784-SDD-RLB

DETECTIVE TREVOR STERLING, ET AL.

## <u>RULING</u>

This matter is before the Court on the *Response to the Ruling on Motion to Dismiss*[1] filed by Plaintiff Laurie Long McNeil ("Laurie" or "Plaintiff"). Dismissed Plaintiff Eric Paul McNeil ("Eric") is not a signatory to the recent submissions to the Court. Defendants, Trevor Sterling, Vince Arbour, Damien Davidson, Jennifer Duet, Shawn Lang, Stan Carpenter, and Jason Ard, individually and in his capacity as Sheriff of Livingston Parish ("Defendants"), have filed a *Reply*[2] to Plaintiff's *Response* and *Opposition to Original Motion to Dismiss*.[3] For the reasons which follow, the Court finds that its *Ruling*[4] granting the Defendants' *Motion to Dismiss* should stand.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[5]

On November 20, 2015, Plaintiffs in this case, proceeding *pro se*, filed this lawsuit against the Defendants alleging claims under 42 U.S.C. § 1983 and Louisiana state law.[6]

---

[1] Rec. Doc. No. 13.
[2] Rec. Doc. No. 17.
[3] Rec. Doc. No. 14.
[4] Rec. Doc. No. 12.
[5] All of the facts presented are taken from Plaintiffs' *Complaint* (Rec. Doc. No. 1) and the *Status Report* (Rec. Doc. No. 10).
[6] Rec. Doc. No. 1.
31572

Plaintiffs alleged that, on April 22, 2014, Defendant Detectives Trevor and Sterling arrived at their home, advised that they had warrants for Eric's arrest, and placed Eric in handcuffs while advising him of his *Miranda* rights.  Plaintiffs claimed additional deputies arrived and surrounded their home as child services arrived and removed their 20-month old daughter from their custody.

Plaintiffs further alleged that, upon arriving at the sheriff's office, Eric was "threatened," "berated," and "intimidated" by Defendant Detectives Carpenter, Lang, Sterling, and Arbour.   Plaintiffs claimed that Eric was not billed on the charge of contributing to the delinquency of a minor, but Eric was arraigned on other charges in June of 2014.

Plaintiffs also alleged that a forensic document examiner evaluated the arrest warrants for Eric's arrest and advised that the signatures of the judge on the warrants were not authentic.  Thus, Plaintiffs contended there was no probable cause to arrest Eric.  Eric filed a complaint with Sheriff Ard regarding his arrest and the allegedly forged warrants, but the Sheriff allegedly denied any impropriety by his office.  Plaintiff Laurie McNeil claimed that, during Eric's arrest, she was unlawfully detained and prevented from entering her home or leaving.

Defendants tell a very different story.  Defendants alleged that, on April 11, 2014, Detective Arbour met with Plaintiff Laurie McNeil and her father, Paul Long, who reported instances of domestic abuse being committed by Plaintiff Eric McNeil.  Laurie allegedly claimed that Eric had attacked her, put a gun to her head, and threatened to kill her and their child and then himself.  Laurie also allegedly claimed that Eric had attempted to

31572

strangle her with a belt and beat her.  Based on this report, Detective Arbour applied for and was granted warrants for Eric's arrest for aggravated assault with a firearm and domestic abuse by strangulation.  Eric was ultimately arrested for these charges.

Defendants further claim that four additional felony arrest warrants for Eric were executed on April 11, 2014 by Defendant Detectives Sterling and Arbour.  The Detectives also assisted the Department of Family Services with the removal of Plaintiff's eighteen month old daughter as ordered by the district court judge.

Arguing that Plaintiffs filed this lawsuit well past the one year prescriptive period applicable to this case, the Defendants moved to dismiss Plaintiffs' *Complaint* on January 5, 2016.  As a courtesy, the Court issued its standard briefing notice that an opposition to Defendant's motion was due within 21 days from the filing of the motion, and any reply would be due within 14 days of the filing of an opposition.[7]  When the opposition deadline of January 26, 2016 passed with no filing or requests for extension of time by the Plaintiffs, the Court issued its standard *Ruling*[8] on February 16, 2016, pursuant to Local Rule 7(f) which granted the Defendants' motion but allowed Plaintiffs to file a response setting forth why no opposition was filed and to submit an opposition to Defendants' motion within fourteen days.[9]

---

[7] Rec. Doc. No. 9.  Briefing notices are purely a courtesy and not required as parties – both represented and *pro se* - are expected to follow the deadlines set forth by the Federal Rules of Civil Procedure and the Local Rules of Court.
[8] Rec. Doc. No. 12.
[9] *Id.* at n. 2.
31572

On March 1, 2016, Plaintiff Laurie McNeil submitted a *Response*[10] to the Court's *Ruling* and an *Opposition*[11] to the Defendants' *Motion to Dismiss.* The Defendants were granted to leave to file a *Reply*[12] to Plaintiff's submissions. Although Plaintiff Eric McNeil's name is included in a signature block on both documents, Eric McNeil signed neither document; thus, the dismissal remains unchanged as to Plaintiff Eric McNeil. The law is clear that a *pro se* plaintiff is entitled to represent himself or herself, but is not allowed to represent others.[13] Thus, Plaintiff Laurie McNeil may not submit unsigned documents or sign on behalf of her co-Plaintiff Eric McNeil.

There are also several problems with Plaintiff's *Response.* First, Plaintiff contends that both she and Eric signed up to be notified electronically, but only Eric was notified electronically of the Defendants' motion.[14] Plaintiff further contends that she is the plaintiff who "handles all of the 'clerical or administrative' tasks," and because she did not receive electronic notice, she was unaware of the motion. Plaintiff then acknowledges that the motion was mailed through the United States Postal Service, but claims she did not receive the mail "due to reasons that are too cumbersome to go into" until January 24, 2016. The record does not support Plaintiff's contention that she believed she would be notified electronically. Rather, the receipts on both the motion and the briefing schedule reveal that Laurie was signed up for mail notice and Eric was signed up to be notified

---

[10] Rec. Doc. No. 13.
[11] Rec. Doc. No. 14.
[12] Rec. Doc. No. 17.
[13] *Barfield v. Hunt Petroleum Corp.*, No. 08-1411, 2009 WL 3171292 at *2 (W.D. La. Sep. 30, 2009)(citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("in a federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer")).
[14] Rec. Doc. No. 13, p. 1.
31572

electronically via e-mail address.   The receipt on both the motion and the briefing schedule confirms delivery of the communication in the manners set forth.

Second, Plaintiff concedes that she "mistakenly" interpreted the deadline from the date of the briefing schedule rather than the date of the motion's filing; however, the notice clearly states that the "Opposition to the motion shall be filed within 21 days from the filing of the motion… ."[15]  The briefing schedule was not unclear.

Third, Plaintiff has alleged that she attempted to file an Opposition with the Clerk of Court's Office on January 28, 2016, but was advised by Clerk of Court personnel that the Plaintiffs "not file it as it were at that time, to amend their complaint as quickly as they could and file it all together or they would likely get an unfavorable ruling for not doing so."[16]  This is an outrageous claim considering the Clerk's Office does not give legal advice and would certainly not advise <u>any</u> parties in <u>any</u> case how to obtain a favorable ruling from a judge.   Considering the Plaintiff's lack of candor with the Court with respect to paragraphs 2 and 3 of her *Response*, the Court is not inclined to give credence to this allegation.

Finally, Plaintiff relies on recent rulings by this Court giving leniency to *pro se* litigants.   However, Plaintiff fails to recognize that these cases did not present the same facts present in this particular case.   While courts do have discretion to apply less strict standards to *pro se* litigants, the law is clear that courts still expect plaintiffs who elect to represent themselves to have the same level of knowledge of the law as attorneys

---

[15] Rec. Doc. No. 9.
[16] Rec. Doc. No. 13.
31572

admitted to practice.[17]   Because the Court believes any amendment to Plaintiff's *Complaint* in this case would be futile on the issue of prescription, Plaintiff's *pro se* status is irrelevant to denying her this opportunity.

Notwithstanding the defects in Plaintiff's *Response* to the Court, the Court will nevertheless consider Plaintiff's submitted *Opposition* to Defendants' *Motion to Dismiss* on the merits.  For the reasons set forth below, the Court will not vacate its *Ruling.*

## II.   LAW & ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[18]   The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[19]   "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[20]   In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

---

[17] *Lazard*, 2013 WL 3772286, at *2; citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).
[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[19] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[20] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
31572

of the elements of a cause of action will not do."[21]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[22] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[24]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[25]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[26]

## B. Prescription

The Fifth Circuit has held that Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury which is the basis of the action."[27]  Federal law determines when Section 1983 claims accrue, but state law determines the prescriptive period.[28]  Thus, Plaintiffs' Section 1983 claims are subject to Louisiana's one-year prescriptive period.[29]  Plaintiffs' Louisiana state law claims are likewise subject to a one-

---

[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[23] *Twombly*, 550 U.S. at 570.
[24] *Iqbal*, 556 U.S. at 678.
[25] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[26] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[27] *Lavallee v. Listi*, 611 F.2d 1129, 1131 (5th Cir.1980) (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir.1975)).
[28] *Burge v. Parish of St. Tammany*, 996 F.2d 786, 787 n. 1 (5th Cir.1993).
[29] *Id.*
31572

year prescriptive period pursuant to Article 3492 of the Louisiana Code of Civil Procedure.[30]

Defendants argue that all of Plaintiffs' claims arise out of Eric's arrest on April 22, 2014.  Under Louisiana law, Plaintiffs had one year to bring these claims; however, this suit was not filed until November 20, 2015, almost seven months outside the prescriptive period.  Thus, Defendants contend Plaintiffs' claims are prescribed and should be dismissed.

In Plaintiff Laurie McNeil's *Opposition*, she claims that the "factual allegations … provide a more complex situation undeserving of a dismissal at such an early stage of litigation."[31]  Plaintiff then cites to jurisprudence advising that prescription statutes are to be strictly construed against prescription.[32]  However, Plaintiff offers no facts or jurisprudence that would change the applicable dates set forth in this matter.  Plaintiff mysteriously alludes to secret facts "not included out of fear of their safety from further retaliation by the defendants."[33]  However, once a lawsuit is filed, a plaintiff cannot withhold relevant facts or "hide the ball" in his or her pleadings.  Plaintiff presented no facts or case law in her *Opposition* that supports the Court affording her an opportunity to amend.  It was incumbent upon the Plaintiff to provide the Court in her *Opposition* with both factual allegations and legal authority that would suggest the claims involved in this

---

[30] "Delictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained."
[31] Rec. Doc. No. 14, p. 1.
[32] *Id.*, quoting *Lima v. Schmidt*, 595 So.2d 642 (La. 1992), *superceded by statute as stated in Jenkins v. Starns*, 2011-1170 (La. 1/24/12); 85 So.3d 612.
[33] *Id.* at p. 2.
31572

case have not prescribed.  Moreover, as Plaintiff Eric McNeil did not sign the *Response* or *Opposition*, he has no pending claims before the Court.

## III.    CONCLUSION

For the reasons set forth above, the Court's *Ruling* granting the Defendants' *Motion to Dismiss* on the basis of prescription and failure to comply with Local Rule 7(f) remains in effect.  Plaintiffs' federal and state law claims are dismissed with prejudice for failure to state a claim.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>April 5, 2016</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

31572